## Sisters of Mercy v. American Telephone and Telegraph Company

Before Marshall and Duff, JJ.

*Thomas P. Mulvaney*, for plaintiff.

*Patterson, Crawford, Arensberg & Dunn*, for defendant.

DUFF, J., March 18, 1954.—In this proceeding plaintiff seeks to restrain defendant from using for television transmission purposes a certain strip of land in Westmoreland County, acquired from plaintiff by the exercise of the right of eminent domain, in which defendant has installed a line or cable in connection with the operation of its telephone or telegraph business.

Defendant filed preliminary objections to the complaint and, in connection therewith, depositions were taken.

Plaintiff concedes that the issue is limited to the narrow question as to whether defendant can be enjoined from appropriating and using the land for television transmission purposes.

From the pleadings and the depositions, it appears that the defendant was organized in accordance with the provisions of the Act of April 29, 1874, P. L. 73, 15 PS §2291, and the supplemental Act of May 1, 1876, P. L. 90, 15 PS §2311. The latter act provides that a corporation of the second class "may be formed and created for the purpose of constructing, maintaining and leasing lines of telegraph for the private use of individuals, firms, corporations, municipal and otherwise, for general business, and for police, fire alarm, or messenger business, or for the transaction of any

business in which electricity over or through wires may be applied to any useful purpose".

It further appears that the line or cable installed by defendant in said land was authorized by the Federal Communications Commission and contains eight co-axials, each one of which coaxials is capable of carrying 1,800 long distance telephone circuits simultaneously, or alternately as a television channel. It also appears that the cable originally was used exclusively for long distance telephone service and, as the same cable may be employed in this service as well as for telegraph and television purposes, it is occasionally used for tele-vision service when the demand for such exceeds the facilities available on defendant's radio relay route.

Plaintiff, while admitting that defendant may law-fully use the land so acquired for telephone and tele-graph purposes, challenges its right to use said strip of land for television transmission purposes, basing its contention on two grounds, namely: (1) That the stat-ute conferring the power of eminent domain upon de-fendant does not extend to such use, and (2) if the statute be construed in favor of defendant in this re-spect, the act is unconstitutional as permitting an ap-propriation of land for private use.

The power of defendant to appropriate private prop-erty derives from the Act of June 5, 1947, P. L. 424, 15 PS §2297, the pertinent provisions of which are as follows:

"In addition to the rights and powers already granted to telegraph and telephone corporations under the laws of this Commonwealth, and without impair-ment or limitation of any of their present rights and powers, every corporation heretofore organized or hereafter to be organized under and by virtue of the act, approved the 29th day of April, 1874, P. L. 73, entitled, 'an Act to provide for the incorporation and

regulation of certain corporations', and the acts amendatory thereof and supplemental thereto, and engaged in the business of furnishing telephone and telegraph service, or either of said services . . . shall have the following additional rights and powers: To appropriate private real property outside the limits of public roads, streets, lanes, alleys or highways, and within this Commonwealth, necessary for its corporate use in the construction, erection, operation or maintenance, of its poles, wires, cables, conduits and other fixtures and facilities, for its lines for the operation of a telephone or telegraph business or both.''

It appears to us that under the Act of 1876, supra, the business of defendant is not limited merely to the transmission of oral or written messages or information. This act, in terms, confers upon defendant the right to transact any business in which electrical impulses conveyed by means of wire may be applied to any useful purpose.

We take judicial notice of the extension of the business of telegraph and telephone companies in which their facilities are employed in furnishing services other than the transmission of oral or written messages or information. For several years, these companies have been engaged in the transmission over their wires of reproductions of messages, writings, photographs and other facsimiles. It is but a short step from the transmission of such information or pictures to the transmission of a series of photographs or pictures so arranged as to convey the impression of motion.

Furthermore, the Federal Communications Commission Act of June 19, 1934, and its amendments, 47 U. S. C. §151, 48 Stat. at L. 1064, regulates communications by wire which, under the act, is defined as the "transmission of writing, signs, signals, pictures, etc."

These considerations lead us to the conclusion that television transmission is clearly within the scope of defendant's business.

But plaintiff contends that a line used for television transmission to a broadcasting station, or stations, which alone are permitted access to its facilities and which, in turn, use the material transmitted for resale to advertisers, is not for public use and is not used by the public within the meaning of our Constitution.

We do not agree with this contention.

It has been stated that anything which will satisfy a reasonable public demand for public facilities for travel or for transmission of intelligence or commodities and of which the general public, under reasonable regulation, will have a definite and fixed use, independent of the will of the party in whom the title is vested, is a public use: 20 Cyc. 556 (note (j)).

The vast general interest in education, in knowledge of public affairs, as well as in many other matters of public concern which is served through the medium of television, as well as the fact that defendant is regulated in all of its activities by orders of the Federal Communications Commission, clearly establishes the public character of its business.

The fact that television broadcasts are at present largely subsidized by advertisers for their private gain does not detract from the public character of defendant's service. Subsidization operates to lessen the cost and, therefore, extends the benefits to the spectators of such broadcasts, whose number, as appears from the devices on housetops throughout the land, is legion.

We conclude that defendant, in using the strip of land for television transmission purposes, is within its legal rights.

### Order of Court

And now, to wit, March 18, 1954, this matter came on before the court en banc, and, upon consideration

thereof, the preliminary objections are sustained and the complaint is dismissed; the costs to be paid by defendant.